IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHEILA BUYZE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:07-CV-1191-M (BH) |
| § | |
| MICHAEL B. MUKASEY[1] and § | |
| ROBERT S. MUELLER, III § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Order of Reference*, filed September 28, 2007, *Defendant Mukasey's Motion to Dismiss Plaintiff's Complaint, and Brief in Support Thereof* ("Mot."), filed September 10, 2007, was referred to this Court for issuance of findings of fact and recommendation. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court recommends that Defendant's *Motion to Dismiss* be **GRANTED** in part, and **DENIED** in part.

### I. BACKGROUND

On July 2, 2007, Plaintiff Sheila Buyze ("Plaintiff") filed the instant action against Defendant Michael B. Mukasey, Attorney General of the United States, and Defendant Robert S. Mueller, Director of the Federal Bureau of Investigation ("FBI"), alleging employment discrimination under Title VII, 42 U.S.C. § 2000e, et seq., on the basis of religion (Muslim) and national origin (Iranian). *Complaint*, *Buyze v. Mukasey*, No. 3:07-CV-1191-M, at 3 ¶¶8, 9 (N.D. Tex. filed July 2, 2007) (hereinafter, "Compl."). Plaintiff contends that she began working as a foreign language translator

---

[1]Michael B. Mukasey became the Attorney General for the United States on November 9, 2007. Pursuant to Rule 25(d)(1), the Court hereby substitutes his name for that of Alberto Gonzales in this action.

- 1 -

on an hourly basis for the FBI in January of 2003, and that "[a]lthough designated by the FBI as an independent contractor[,] she was in fact under the common law test an employee of the FBI." (*Id*. at 3, ¶¶8, 9). In December of 2005, she claims "[s]he was asked questions of a type and character that never would have been asked of a person who was not either Iranian or Muslim." (*Id*. at 3, ¶10). Shortly thereafter, she ceased receiving work assignments and was "effectively fired." *Id*. On January 9, 2006, all Dallas FBI field office personnel were advised that her access to the FBI offices had been revoked. *Id*.

Plaintiff contacted her Equal Employment Opportunity ("EEO") office on January 20, 2006. (Mot. App. at 1; Resp. Ex. A, at 6). She alleged discrimination based upon her national origin (Iran) and religion (Muslim). (Resp. Ex. A, at 7). The EEO counselor conducted several interviews with Plaintiff, her supervisor, and other staff members at the Dallas FBI, but was unable to reach an informal resolution. (*Id*. at 9-11). On February 16, 2006, the EEO counselor provided Plaintiff with her Notice of Right to File and Complaint of Discrimination. (*Id*. at 11).

Plaintiff filed her formal complaint of discrimination (DOJ 201-A) on February 22, 2006. (Mot. App. at 1). In response to a question asking the basis for alleged discrimination, Plaintiff checked "religion (Muslim)" and "female." (*Id*.) The narrative attached to the complaint alleges discrimination based upon Plaintiff's religion, but not upon her national origin or sex. (*See* Mot. App. at 2-6).

In her complaint, Plaintiff alleges that "[a]ll conditions precedent to filing this suit have been accomplished." (Compl. at 2, ¶6). She further alleges that she "timely filed and made complaints of religious and national origin discrimination," and that she "received notice of final agency action and is filing this suit within 90 days of having received that notice." (*Id*. at 3, ¶7; *see* Compl.).

## II. RULE 12(b)(1) MOTION

Defendant Mukasey asserts that Plaintiff's claim of religious discrimination should be dismissed pursuant to Rule 12(b)(1) for failure to timely exhaust her administrative remedies. (Mot. at 3-4). He also contends that the Court does not have jurisdiction over Plaintiff's national origin claim because it was not alleged in the EEO charge. (*Id*. at 6-7).

### A. **Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly

alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id*. (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id*. Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Defendant does not support his motion with evidence.[2] Because this is a facial attack, the Court

---

[2] Defendant attached Plaintiff's EEO complaint of discrimination to his motion to dismiss. This attachment is considered part of the pleadings because Plaintiff specifically refers to it in her complaint initiating the action and it is central to her claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *USA ex re. Barrett v. Johnson Controls, Inc.*, 2003 WL 21500400, at *9 n.74 (N.D. Tex. Apr. 9, 2003) (Lynn, J.). For the same reason, the Court considers the EEO counselor's report filed with Plaintiff's response to be part of the pleadings. *Id*.

Plaintiff did not object to consideration of the EEO complaint. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (lack of objection is central to district court's consideration of documents attached to the motion). Rather, Plaintiff asserts that the instant motion should be treated as a motion for summary judgment because Defendant relied on evidence outside the pleadings. (Resp. at 1). Since the EEO complaint is not a matter outside the pleadings, the motion is properly treated as a motion to dismiss. Plaintiff also attached a declaration in support of her response. (Resp. at 5-6). Since this is a facial attack by Defendant, the Court declines to consider the declaration and only considers the allegations in her complaint.

merely must decide if the Plaintiff has correctly alleged a basis for subject matter jurisdiction by examining the allegations in her complaint, which are presumed to be true. *Rodriguez*, 992 F. Supp. at 878; *Patterson,* 644 F. 2d at 523.

**B.      Failure to Timely Exhaust Administrative Remedies**

Plaintiff alleges that she was discriminated against in December of 2005 based on her national origin (Iranian) and religion (Muslim). (Compl. at 3, ¶10). Defendant asserts the Court lacks jurisdiction over Plaintiff's Title VII claims because she failed to exhaust her administrative remedies by not contacting her EEO counselor within 45 days of the allegedly discriminatory event. (Mot. at 3-4; Mot. at 7, n.4). This assertion, however, is premised on the assumption that exhaustion of administrative remedies implicates subject matter jurisdiction.

The Fifth Circuit recognizes "there is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, n. 7 (5th Cir. 2006). Courts in this district have repeatedly held that "[e]xhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite." *Gates v. City of Dallas, Texas*, 1997 WL 405144, at *1 (N.D. Tex. July 15, 1997) (Fitzwater, J.) (citing *Pinkard v. Pullman-Standard, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982) (per curiam); *see also Dixon v. Moore Wallace, Inc.*, 2006 WL 1949501, at *7 n. 12 (N.D. Tex. July 13, 2006) (Fitzwater, J.) (adhering to recent decisions holding that exhaustion is not jurisdictional); *Teemac v. Potter*, 2001 WL 1135392 (N.D. Tex. Sep. 20, 2001) (Fish, C.J.) (treating failure to exhaust administrative remedies as a prerequisite to suit); *Baney v. Gonzalez*, 2007 WL 1944462, at *4 (N.D. Tex. June 27, 2007) (Ramirez, M.J.) (failure to exhaust is a condition

precedent to suit). "Because the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1)." *Gates*, 1997 WL 405144, at *1; *Baney*, 2007 WL 1944462, at *4. The Court therefore addresses Plaintiff's Title VII claims under Defendant's motion to dismiss pursuant to Rule 12(b)(6).

### C. Jurisdiction over National Origin Claim

Defendant also contends that "[t]he Court does not have jurisdiction over the Plaintiff's national origin claim since it was not alleged in the EEO charge." (Mot. at 6). Although Defendant does not cite to a Federal Rule of Civil Procedure in this section of his brief, (*see* Mot. at 6-7), this statement appears to allege lack of subject matter jurisdiction under Rule 12(b)(1). The Court first considers whether it has subject matter jurisdiction over Plaintiff's claim of discrimination on the basis of her national origin. *Ramming*, 281 F.3d at 161.

Title VII vests jurisdiction over claims of employment discrimination by federal employees in the United States district courts. 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 2000e-16(d). Plaintiff's complaint alleges discrimination on the basis of her national origin, which is an unlawful employment practice under Title VII. *Id.* at § 2000e-2(a)(1). Therefore, this Court clearly has the statutory power to adjudicate Plaintiff's claim, and dismissal of her complaint of employment discrimination based on her national origin is not warranted under Rule 12(b)(1). *Home Builders*, 143 F.3d 1010.

### III. RULE 12(b)(6) MOTION

Defendant Mukasey asserts that Plaintiff's Title VII claims should be dismissed pursuant to Rule 12(b)(6) for failure to state claim because she (1) erroneously filed suit against FBI Director Robert S. Mueller; (2) failed to exhaust administrative remedies for her claim of religious discrimination; and (3) failed to allege national origin discrimination in her EEO charge. (*See* Mot. at

2-7).

**A.     Legal Standard**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[3] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**B.     Proper Party Defendant**

Defendant first contends that Plaintiff erroneously filed suit against FBI Director Robert S. Mueller and that he should be dismissed from this case. (Mot. at 2, n.1). The proper defendant in a Title VII action by an employee of a federal executive agency is the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). Thus, as the head of the Agency that oversees the

---

[3]Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims. *Halaris v. Viacom, Inc.*, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007) (Godbey, J.).

FBI, Attorney General Mukasey in his official capacity is the only proper defendant in the instant action. *See Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir. 1988) (proper defendant in employment discrimination action against federal agency is "head of the department, agency, or unit, as appropriate"). Accordingly, Plaintiff has failed to state a claim against Defendant Mueller, and all Title VII claims against him should be dismissed with prejudice.

C.     **Failure to Exhaust Administrative Remedies**

Defendant also contends that Plaintiff failed to timely exhaust administrative remedies for her claim of religious discrimination. (Mot. at 3-5). Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796 (1973). Prior to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust administrative remedies. *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). To properly exhaust the administrative remedies, a complainant must initiate contact and request informal counseling from an agency EEO counselor within 45 days of the date of the matter alleged to be discriminatory. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); 29 C.F.R. § 1614.105(a)(1). Time periods prescribed by Title VII, such as the 45-day period, commence when a plaintiff is notified of a discriminatory action, not when the consequences of the decision become most painful. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

Both the relevant statute and case law provide extensions of the 45-day period under limited circumstances. The 45-day period must be extended if the complainant shows that she was not notified of the time limits and was not otherwise aware of them; she did not know and reasonably should not have known when the discriminatory matter occurred; despite due diligence she was prevented by

circumstances beyond his control from contacting the counselor within the time limits; or for other reasons considered sufficient by the agency or the Commission. 29 C.F.R. § 1614.105(a)(2). The Fifth Circuit has recognized that the 45-day time limit "is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling." *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). However, equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The plaintiff bears the burden of establishing that equitable tolling is justified in a particular case. *Wilson v. Sec'y, Dept. of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

In the instant case, Defendant contends that Plaintiff failed to exhaust her administrative remedies because she did not contact the EEO counselor until January 20, 2006, which is 48 days after the date on which she said the most recent alleged discrimination took place. (Mot. at 4; Mot. App. at 1). While Plaintiff listed December 3, 2005, on her EEO complaint as the date of the most recent alleged discrimination, (*see* Mot. App. at 1), Plaintiff's complaint alleges that she was discriminated against in December of 2005, (Compl. at 3, ¶10). The chronology of events recorded by the EEO counselor indicates that Plaintiff was suspended as a contract translator on December 5, 2005. (Resp. Ex. A, at 6, 8). Also, both Plaintiff and the EEO counselor state that Dallas field office personnel were advised on January 9, 2006, that Plaintiff's access to the FBI office had been revoked.[4] (Compl. at 3, ¶10; Resp. Ex. A, at 8).

Viewing the facts in the light most favorable to Plaintiff as this Court must, it is not apparent from the face of the pleadings that she failed to timely exhaust her administrative remedies for her claim of religious discrimination. *Bell Atl.*, 127 S. Ct. at 1965; *Baker*, 75 F.3d at 196. Dismissal of Plaintiff's Title VII claims for failure to timely exhaust administrative remedies is therefore not

---

[4] Plaintiff provides additional detail about the circumstances surrounding the events on January 9, 2006, in a declaration submitted with her response. Since the Court may not look beyond the face of the pleadings when considering a Rule 12(b)(6) motion, the Court declines to consider Plaintiff's declaration. *Baker*, 75 F.3d at 196.

appropriate under Rule 12(b)(6).

**D.       Failure to Raise Claim in EEO Complaint**

Finally, Defendant asserts that Plaintiff's claim of national origin discrimination should be dismissed because she failed to allege this claim in her EEO complaint. (Mot. at 6-7). The Fifth Circuit has held that "a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'" *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970) (citations omitted); *National Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio, Texas*, 40 F .3d 698, 711-12 (5th Cir. 1994). Neither the verbatim allegations of the EEOC charge nor the actual scope of the EEOC's investigation will determine the limits of a plaintiff's civil complaint. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994). Courts instead look at all of the information presented to the EEOC and determine what allegations would reasonably be expected to grow from the EEOC investigation. *Id*.

In the instant case, Plaintiff did not check the box for national origin discrimination on her EEO complaint, nor does the narrative she attached to the EEO complaint contain any information regarding alleged discrimination based on national origin. (Mot. App. at 1; *see* Mot. App. at 2-6). The EEO counselor's report, however, clearly addresses alleged discrimination based on national origin. (*See* Resp. Ex. A, at 7-11). The EEO counselor checked the boxes for both religion and national origin as Plaintiff's reasons for seeking counseling. (Resp. Ex. A, at 7). While most of the EEO counselor's report addresses alleged religious discrimination, the counselor wrote that Plaintiff believed "she was treated differently than other contract translators because she is a practicing Muslim with a National Origin of Iran." (*Id*. at 9). Additionally, the EEO counselor's summary states that Plaintiff believed Dallas FBI personnel "purposely prevented [her] from working a 'full' work load based on her Iranian

national origin." (*Id.* at 10). Since Plaintiff raised her allegation of national origin discrimination before the EEO counselor, this basis for alleged discrimination could have been within the scope of the EEOC investigation that grew out of her initial charge. *Sanchez*, 431 F.2d at 466; *Clark*, 18 F.3d at 1280.

Defendant cites two published cases in support of dismissing Plaintiff's national origin discrimination claim. (Mot. at 6) (citing *Perez v. MCI World Com Commc'ns*, 154 F.Supp.2d 932, 938 (N.D. Tex. 2001) and *McCray v. DPC Indus., Inc.*, 942 F.Supp.288, 294 (E.D. Tex. 1996)). Both *Perez* and *McCray* are distinguishable from the instant case because they involved motions for summary judgment, not motions to dismiss pursuant to Rule 12(b)(6). The question for the Court at this early stage of the pleadings is whether Plaintiff has stated a claim for relief and is entitled to present evidence in support of her claim, not whether the evidence on record shows that a genuine issue of material fact remains for trial. *Bell Atl. Corp.*, 127 S. Ct. at 1965; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Defendant also argues that Plaintiff's failure to check the box for national origin indicates that she decided not to pursue this claim of discrimination in the EEO process. (Reply at 4). Since the Court cannot look beyond the face of the pleadings and must view the well-pleaded facts in the light most favorable to the Plaintiff, the Court cannot speculate as to why she did not check the box for national origin in her EEO complaint. Accordingly, the Court finds that Plaintiff has stated a claim for alleged discrimination on the basis of national origin, and dismissal of this Title VII claim pursuant to Rule 12(b)(6) is not warranted.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Defendant's *Motion to Dismiss* be **GRANTED** in part and **DENIED** in part. The Court recommends that Defendant's *Motion to Dismiss* all Title VII claims against Defendant Robert S. Mueller be **GRANTED**, and that these claims be

**DISMISSED** with prejudice pursuant to Rule 12(b)(6). The Court further recommends that Defendant's *Motion to Dismiss* all Title VII claims against Defendant Michael B. Mukasey be **DENIED**.

**SO RECOMMENDED** on this 10th day of March, 2008.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE